### COHN et al. v. FEDERAL INS. CO.

(Supreme Court, Appellate Term. November 24, 1908.)

INSURANCE (§ 665*)—ACTION ON POLICIES—EVIDENCE.

    Evidence *held* to show that loss of traveling salesman's samples was from theft in a city where assured had permanent offices or salesrooms, and hence not within the terms of a policy, which covered only loss from fire and perils of inland navigation and transportation, and expressly

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

excluded losses by theft, and provided that it should not attach in places where assured had permanent offices or salesrooms.

[Ed. Note.—For other cases, see Insurance. Dec. Dig. § 665.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Emanuel Cohn and another against the Federal Insurance Company. There was a directed verdict for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Wing, Putnam & Burlingham (Everett Masten, of counsel), for appellant.

Prince & Nathan (Alfred B. Nathan, of counsel), for respondents.

PER CURIAM. This is an appeal by the defendant insurance company from a judgment for $440.55 damages and costs in favor of the plaintiffs and against the defendant rendered before the justice and a jury. The pleadings were oral, and the complaint stated the action to be one on defendant's insurance policy. The plaintiffs were the assured under the defendant's policy of insurance. This policy is what is called a "traveling salesman's" policy of insurance on goods. The controlling provisions of the policy are embodied in a special "traveling salesman's" form attached to an ordinary policy. The material provisions of this form of policy are as follows:

"On merchandise * * * against any and all the risks and perils of fire and inland navigation and transportation while on vessels, steamboats, or railroads, or in hotels, stores, or depots (other than the places of business of the assured in ————) while in custody or control of the assured or their traveling salesmen.

"It is understood that it is the intent of this policy to cover only merchandise in the charge or control of the assured or their travelling representatives used as samples or for direct sales. * * *

"It is also understood that this policy shall not attach in any place where the assured has permanent offices or permanent salesrooms.

"Warranted by the assured that this company shall be free from all claims for loss, damage or expense arising from or caused by theft, robbery. * * * Nor be subject to claims for loss or damage to goods by wet or dampness, * * * except the same be the direct result of a disaster."

On September 17, 1907, the witness Auerhahn, who was salesman for the plaintiffs, ordered a driver to deliver certain sample cases to Bloomingdale Bros. in this city. The salesman, Auerhahn, met the samples at Bloomingdale Bros., and, after showing them there, directed the driver to take them over to Macy's store. On the wagon containing the sample cases was a boy, Joe Gearon, in the employ of the plaintiffs, the assured. The truck was hired from a public truckman by the name of Sender. He also rented to the plaintiffs a horse and driver, but the entire outfit was under the sole supervision and direction of the plaintiffs. The plaintiffs paid $3.50 a day to Sender for his truck, horse, and driver. The sample cases contained jewelry samples of the total value of $2,567.75. The sample cases arrived at Macy's safely, and in carrying them upstairs in that store a number of

the sample cases disappeared, but subsequently the greater part were recovered. The unrecovered balance amounted to $440.55. On February 8, 1908, the plaintiffs, the assured, wrote to the Federal Insurance Company a letter, giving them full and complete information of the loss of the goods, and setting forth specifically that the goods had been stolen and making a claim for the unrecovered balance of the goods on the defendant. The letter states:

"When the balance of the samples were to be taken from the wagon, this wagon disappeared and was never heard from after that, after which time we reported this occurrence to police headquarters, who, upon investigation, found that they were disposed of by the driver and his accomplices, some of whom were arrested and since sent to prison; and at this time we also succeeded in discovering and recovering a part of the samples in question. We have refrained from notifying you prior to this because of our endeavors to recover part of these or all, if possible, before making any claim for them, and now, that we seem to be at the end of our abilities to recover any further goods, we now ask you to reimburse us in the amount that are still missing."

On February 17, 1908, the plaintiffs received from the defendant insurance company a letter in answer to the plaintiffs' letter. Part of the defendant's letter to the plaintiffs is as follows:

"We have for acknowledgment your favor of recent date advising us that on September 17th, 1907, you employed Messrs. Sender & Son, 170 Ludlow street, public truckmen, to deliver to the store of R. H. Macy & Co. several packages of samples valued at $2,567, and that the team and truck disappeared, also that the driver of the truck and his accomplices have been arrested and sentenced to prison, and that you succeeded in recovering all but $440.55 of the goods that were stolen, and inquiring whether you would have any claim on us under our salesman's samples policies Nos. 10,137 and 10,242. There is no liability on the part of the company in those circumstances, as the contract stipulates that the samples must be in the custody of the assured or their traveling salesmen, and, from what we are able to learn, we believe that Messrs. Sender & Son are responsible and any claim in connection with this matter should be collected from them.

"Very truly yours,　　　　　　　　　　　Chubb & Son."

Chubb & Son were the agents and managers of the defendant insurance company. The plaintiffs, upon receiving this communication, engaged lawyers and turned the matter over to them, and the action was accordingly begun that is now on appeal. At the conclusion of the plaintiffs' case, the defendant rested, without offering any evidence, and moved for a direction of the verdict, upon the following grounds: That the goods were by the terms of the policy insured only against loss while on vessels, steamboats, or railroads or in hotels, stores, or depots, and the evidence disclosed that the loss did not occur under these circumstances; that the policy covered only against loss by the perils of fire and inland navigation and transportation, and it was not shown that the loss was by any such peril; that the policy provided that loss by theft was not covered, and it was admitted that the loss was so caused; and, finally, that the policy provided that it should not attach in any place where the assured has permanent offices or salesrooms, and it appeared that the loss occurred in this city, where the plaintiffs' place of business is located. The motion was denied, and defendant's counsel duly excepted. After the defendant's motion for a direction was denied, defendant's counsel asked leave to offer a letter in evidence. This was objected to, and the court exclud-

ed the letter.  The letter appears as one written by the defendant to the plaintiffs' attorneys on April 1, 1908, over three months after the date of the defendant's former letter to the assured, and adds to its other letter that there was no claim for the loss on the defendant by reason of the breach of the theft clause in the policy.  After the denial of the defendant's motion, the plaintiffs' counsel moved for a direction and the court directed a verdict for the plaintiffs for the full amount of their claim, and it is from the judgment entered on that direction that this appeal is taken by the defendant.  It seems to us that the evidence clearly supported the motion of the defendant, and that it was error to deny the same.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.